Sonar Technician Surface Second Class John E. **KUBITSCHEK,** Plaintiff-Appellee,

v.

John N. **CHAFEE,** Secretary of the Navy, et al., Defendants-Appellants.

No. 72–2573.

United States Court of Appeals, Ninth Circuit.

Nov. 27, 1972.

Walter H. Fleischer, Michael Kimmel, Attys., Dept. of Justice, Washington, D. C., William D. Keller, U. S. Atty., John L. Guth, Asst. U. S. Atty., Los Angeles, Cal., for defendants-appellants.

* The Honorable Leonard P. Moore, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

Richard P. Fox, Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, MOORE * and ELY, Circuit Judges.

PER CURIAM:

Appellants have moved "to dispense with briefing and oral argument, to consolidate with Johnson v. Chafee, No. 72–1654; and to submit for disposition on the record in accordance with the decision of the Court in *Johnson.*" The basis for the motion is that the issue in this case is precisely the same as the issue in Johnson v. Chafee, 469 F.2d 1216, C.A. 9, *viz.,* whether an enlisted man whose voluntary written agreement to extend his enlistment was notarized and signed for the Navy by a noncommissioned warrant officer (Warrant Officer W-1 D. J. Stowe) is entitled to a judicial cancellation of the agreement (after receiving benefits of the agreement) on the ground that it should have been notarized by a commissioned officer.

The only factual difference between this case and *Johnson* is that Johnson received 33 weeks of his requested advance training whereas Kubitschek received all of the one-year training bargained for. This factual difference is not material and does not affect the legal result.

However, in *Kubitschek,* the District Court conditioned its order, releasing Kubitschek, with an amending order that his release from Naval custody be subject to an obligation on his part to fulfill the balance of his active duty obligation, measured from the date he is formally released from the custody of the United States Navy, pursuant to a Court order dated June 15, 1972, in the event that the order is here reversed on appeal.

The motion to dispense with briefing and oral argument and to submit for disposition on the record in accordance with the decision of the Court in Johnson v. Chafee has been granted,[1] and upon such

1. See order filed October 18, 1972.

submission the judgment of the District Court is reversed for the reasons set forth in our opinion in Johnson v. Chafee, filed this day. Under these circumstances, it is unnecessary to consolidate this case with Johnson v. Chafee. Because of the difference required by the judgment with respect to the periods to be served by Johnson and Kubitschek, respectively, it is necessary that separate judgments be entered.

The judgment of the District Court is reversed and it is directed that an appropriate judgment be issued by the District Court to incorporate the terms set forth in the District Court's amending order.